UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-80738-RLR

ROBERT RODRIGUEZ,

    Plaintiff,

v.

EDWARD GELFAND, *et al.*,

    Defendants.

_____/

### ORDER DENYING PLAINTIFF'S MOTION TO REMAND, DENYING AS MOOT DEFENDANT'S MOTION FOR EXTENSION, AND DENYING AS MOOT PLAINTIFF'S MOTION TO STAY

**THIS CAUSE** is before the Court on the Motion to Remand and Notice of Adoption filed by Plaintiff Robert Rodriguez at docket entry 18. The Court has reviewed the Motion, Defendant Edward Gelfand's Response at docket entry 20, and the record, and is fully advised in the premises. For the reasons stated, Plaintiff's Motion to Remand is **DENIED**.

The relevant procedural background is as follows. Plaintiff Robert Rodriguez, proceeding *pro se*,[1] filed this action in state court against Defendants Edward Gelfand and One Bridge MSO LLC. DE 1 at 1. The action concerns disputes related to Plaintiff's equity interest in Dental Group Partners, LLC, as set forth in an aggregator agreement. *See* DE 4-1. Plaintiff asserts claims for conversion and civil theft, fraud and intentional misrepresentation, tortious interference with contractual relations, civil conspiracy, breach of contract, and injunctive relief. *Id.*

---

[1] The Court employs "less stringent standards" in assessing *pro se* pleadings. *See Lampkin-Asam v. Volusia Cty. Sch. Bd.*, 261 F. App'x 274, 276–77 (11th Cir. 2008) (quoting *Hepperle v. Johnston*, 544 F.2d 201, 202 (5th Cir. 1976)).

Defendant Gelfand ("Defendant") removed the action, pursuant to 28 U.S.C. § 1441, based on diversity jurisdiction. *Id.*; 28 U.S.C. § 1332(a)(1). "On a motion to remand, the removing party bears the burden of proof on the issue of diversity." *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983). In support of removal based on diversity jurisdiction, Defendant states that (1) Plaintiff is a citizen of Florida, (2) Gelfand is "a citizen of a foreign state and is not admitted for permanent residence in the United States," and (3) Defendant One Bridge MSO LLC is a non-existent entity and therefore may be disregarded for purposes of determining diversity. DE 1 ¶ 4.

"Removability should be determined 'according to the plaintiff's pleading at the time of the petition for removal.'" *Coker*, 709 at 1440 (quoting *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939)). On its face, Plaintiff's Complaint supports Defendant's grounds for removal. **First,** Plaintiff's Complaint states that Plaintiff is a resident of Florida. DE 4-1 at 5.

**Second,** Plaintiff's Complaint states that Defendant is a resident of Canada. *Id.* Plaintiff insinuates in his Motion that Defendant Gelfand is actually domiciled in Florida because Defendant holds an active Florida dental license, maintains an active Florida practice, and serves as the registered agent for multiple Florida-based dental entities. Case No. 25-cv-80740-RLR, DE 3 ¶ 5. Plaintiff argues that Defendant's "consistent presence, licensure, and business involvement in Florida provide compelling evidence of Florida domicile, which further undermines the assertion of complete diversity." *Id.* ¶ 6. But "domicile requires both residence in a state and an intention to remain there indefinitely." *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013). Plaintiff's Complaint explicitly alleges that Defendant resides in Canada, and Defendant states in his Notice of Removal that he is a citizen of Canada

2

and "not admitted for permanent residence in the United States." DE 1 ¶ 4.  Defendant has therefore met his burden to establish that he is diverse from Plaintiff. *See also District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941) (explaining that courts may employ a presumption "that the state in which a person resides at any given time is also that person's domicile").

**Third,** Plaintiff's Complaint alleges that Defendant One Bridge MSO LLC is a "Delaware limited liability company registered to do business in Florida." DE 4-1 at 5. Plaintiff does not respond directly to Defendant's assertion that One Bridge MSO LLC is a non-existent entity whose citizenship should be disregarded. DE 1 ¶ 4; DE 18.  Plaintiff's adopted Motion to Remand does attach an exhibit purporting to show the SunBiz Business Registration for One Bridge MSO LLC. Case No. 25-cv-80740-RLR, DE 3-1 at 13; *see Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001) ("Where the pleadings are inadequate, [federal courts] may review the record to find evidence that diversity jurisdiction exists.").  That exhibit, however, concerns a limited liability company with a different name, "Onebridge Dental PLLC." *Id.* at 15.  Furthermore, even if the exhibit pertained to One Bridge MSO LLC, the sole listed member of that LLC is Defendant Gelfand. *Id.* at 17.  Because a limited liability company "is a citizen of any state of which a member of the company is a citizen," this would mean that One Bridge MSO would also be a citizen of Canada, supporting Defendant's assertion of complete diversity. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).

For the foregoing reasons, Defendant has met his burden to establish that complete diversity exists for purposes of removal under 28 U.S.C. § 1441.  Therefore, it is **ORDERED**

**AND ADJUDGED** that Plaintiff Robert Rodriguez's Motion to Remand [DE 18] is **DENIED**. The Court **DENIES AS MOOT** Defendant's Motion for Extension of Time [DE 8] and Plaintiff's Motion to Stay Proceedings Pending Ruling on Motions to Remand [DE 12].

    **DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 2nd day of July, 2025.

                                                                     _____
                                                                      ROBIN L. ROSENBERG
                                                                      UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record